**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY SIMEONA MALO, | No. 15-55035 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-01781-SJO-JPR |
| v. | |
| M. HERNANDEZ, Individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Jimmy Simeona Malo, a former California state prisoner, appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

Eighth and Fourth Amendment claims arising from a visual body cavity search.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Malo's Eighth Amendment claims because Malo failed to allege facts sufficient to show that defendants were deliberately indifferent to Malo's health or safety. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (to establish deliberate indifference, an inmate must demonstrate that the official was aware of a risk and deliberately disregarded the risk).

The district court properly dismissed Malo's Fourth Amendment claim on the basis of qualified immunity because it would not have been clear to every reasonable official that defendants' conduct was unconstitutional. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (officials sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"). We reject as without merit Malo's contention that the alleged violation of prison policy clearly established that the search was unconstitutional.

**AFFIRMED.**

15-55035